**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIE J. WASHINGTON,**

    **Petitioner,**

v.                                                                    Case No.  8:04-cv-2190-T-30MAP

**JAMES V. CROSBY, JR.,**

    **Respondent.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus - 28 U.S.C. §2241 (Dkt. #1) filed on October 4, 2004, which this Court will construe as a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2254.[1]  The Court has considered Petitioner's petition, Petitioner's Brief in Support of Habeas Corpus Filed Under 28 U.S.C. §2241 (Dkt. #2), and Respondent's Limited Response to Petition for Writ of Habeas Corpus As To Timeliness and Memorandum of Law (Dkt. #6).  After doing so, the Court concludes that Petitioner's petition should summarily be denied, because it plainly appears from the face of the motion and the prior proceedings that Petitioner's petition is barred by the applicable one (1) year limitation period mandated by 28 U.S.C. §2244(d)(1).  As such, this Court lacks jurisdiction to consider the petition.

---

[1] Petitioner has improperly brought his request for habeas corpus relief under Title 28 U.S.C. §2241.  Section 2241 applies to prisoners in custody under or by the authority of the United States for violations under federal law.  Petitioner is currently in custody by the state of Florida pursuant to the judgment of a state court.  Accordingly, Petitioner's petition will be considered by this Court pursuant to §2254.

**Background**

Petitioner seeks to attack his convictions arising out of the state court proceedings in the Tenth Judicial Circuit in Polk County, Florida, Case No. CF96-05147A1-XX. On June 30, 1997, Petitioner entered into a *nolo contendere* plea as to the following offenses: Armed Robbery with a Firearm; Aggravated Assault with a Firearm; Possession of a Firearm by a Convicted Felon; and Armed Burglary with a Firearm. On June 30, 1997, the state court entered judgment against Petitioner and Petitioner was sentenced to fifteen (15) years imprisonment, followed by three years probation. Petitioner did not pursue a direct appeal of the judgment entered against him.

On April 7, 2000, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. On June 9, 2000, the state post-conviction court enter an order denying Petitioner's Rule 3.800 motion. On July 3, 2000, Petitioner appealed the post-conviction court's order to the Second District Court of Appeal of Florida. On August 2, 2000, in Case No. 2D00-2652, the Second District Court of Appeal entered a per curium unwritten opinion affirming the lower court's denial of Petitioner's Rule 3.800 motion. Washington v. State, 767 So.2d 1219 (Fla. 2d DCA 2000) [Table]. Subsequently, the Second District Court of Appeal issued a mandate on September 6, 2000. Petitioner then sought discretionary review of the decision in the Florida Supreme Court. On September 21, 2000, in Case No. SC00-1904, the Florida Supreme Court issued an order dismissing the petition for review, finding the court lacked jurisdiction. Washington v. State, 770 So.2d 163 (Fla. 2000) [Table].

Petitioner signed the petition at issue on September 30, 2004. The petition was filed in this Court on October 4, 2004. Petitioner raises one ground for relief, which concerns the validity of his sentence under Florida law.

**Discussion**

Petitioner's petition should be summarily denied because it plainly appears from the face of the petition and the prior proceedings that such petition is barred by the applicable one (1) year limitation period mandated by 28 U.S.C. §2244(d)(1) and (2). Section 2244(d)(1) and (2) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>       judgment or claim is pending shall not be counted toward any period of
>       limitation under this subsection.[2]

Under the circumstances of this case, the 1-year period of limitation began to run upon the expiration of the time for seeking an appeal of the state court judgment. The state court judgment against Petitioner was entered on June 30, 1997. Petitioner did not file an appeal of the state court judgment within 30 days, therefore his right to appeal to the Second District Court of Appeal of Florida expired on July 31, 1997.[3] Consequently, the 1-year statutory limitation period for Petitioner to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 expired on July 31, 1998 (one year and 30 days after the date on which Petitioner's conviction became final).[4]

As discussed above, Petitioner did not file his §2254 Petition until October 4, 2004, clearly more than a year after his state court judgment became final and the time for appeal had expired. For this reason, the Court concludes that Petitioner is barred from bringing this petition; and therefore, this Court lacks jurisdiction to consider the same.

---

[2] Title 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

[3] See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires).

[4] The Court notes that Petitioner's action of filing a Rule 3.800 motion on April 2, 2000 (and appeal of the Rule 3.800 motion on July 3, 2000) did not toll the 1-year limitation period, as prohibited by §2244 (d)(2). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled.")

It is therefore ORDERED AND ADJUDGED that:

1.  Petitioner's Petition for Writ of Habeas Corpus - 28 U.S.C. §2241 (Dkt. #1), which the Court construes as a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2254, is DENIED.

2.  The Clerk is directed to enter JUDGMENT in favor of Respondent, terminate any pending motions, and CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2190.2254.wpd